# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION THE MIDWEST DATA COMPANY LLC FOR A FINAL ORDER: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF PREPETITION INVOICES; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; AND (C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE**

The Midwest Data Company LLC ("MWDC" or the "Debtor"), a debtor and debtor-in-possession in the above-captioned Chapter 11 case, hereby submits this motion (the "Motion"), pursuant to Section 366 of Title 11 of the United States Code (the "Bankruptcy Code"), for entry of a final order: (a) prohibiting any utility from altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of prepetition invoices; (b) determining that all utilities are adequately assured of future payment; and (c) approving procedures for requests for additional assurance.

In support of this Motion, the Debtor states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and by virtue of the general order of reference of the United States District Court for the Northern District of Ohio entered April 4, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

## BACKGROUND

3. On November 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter v of Chapter 11 of the Bankruptcy Code.

4. The Debtor is operating its business as a debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code. No trustee or examiner has been appointed.

5. The facts and circumstances supporting this Motion are set forth in the Declaration of David Stanfill (the "First Day Declaration")[2] filed contemporaneously with this Motion.

6. The Debtor currently uses electricity provided by the utility company (the "Utility Company") listed on the attached Exhibit A (the "Utility Service List").

7. Uninterrupted utility service is essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's reorganization. As described in the First Day Declaration, the Debtor's business includes providing hosting services for cryptocurrency mining machines. The Debtor cannot maintain these services or operate its business, as necessary, without continuous utility service.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## BASIS FOR RELIEF

### The Adequate Assurance Deposit

8. Section 366(c)(2) of the Bankruptcy Code prohibits a utility from altering, refusing, or discontinuing a Chapter 11 debtor's utility service if it receives adequate assurance of payment within 30 days of the commencement of the debtor's Chapter 11 case. 11 U.S.C. § 366(c)(2). Pursuant to Section 366(c)(1)(A), "assurance of payment" includes, among other things, a cash deposit. 11 U.S.C. § 366(c)(1)(A)(i). The Debtor proposes to provide a cash deposit in an amount equal to two weeks service, based on the average usage over the past few months of usage of the Debtor to each Utility Company that requests a deposit (each an "Adequate Assurance Deposit"), within 14 days of receiving the written request, and provided that: (a) such request is made in writing no later than 7 days after the service of the Order (the "Request Deadline"); (b) such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit for purposes of this Motion); and (c) such requesting Utility Company is not currently paid in advance for its services. Further, a Utility Company's request for, and acceptance of, an Adequate Assurance Deposit, shall be deemed an acknowledgement and admission from the Utility Company that the form of adequate assurance is satisfactory to it, within the meaning of Section 366 of the Bankruptcy Code.[3] Any Utility Company that does not request an Adequate Assurance Deposit by the Request Deadline shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of Section 366 of the Bankruptcy Code.

---

[3] The Debtor further requests that any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the procedures described above be returned to the Debtor at the conclusion of these Chapter 11 cases, if not returned or applied sooner.

9. The Debtor's electricity provider, AEP Ohio, presently holds a security deposit in the amount of $13,635.

10. The Debtor submits that the availability of the Adequate Assurance Deposit, if timely requested, in conjunction with the Debtor's demonstrated ability to pay for future utility services in the ordinary course of business through the use of debtor-in-possession financing, constitutes sufficient adequate assurance of future payment to each Utility Company to satisfy the requirements of Section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, they may request such assurance pursuant to the procedures described below.

### The Adequate Assurance Procedures

11. To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek adequate assurance satisfactory to it, the Debtor has enacted the following procedures (the "<u>Adequate Assurance Procedures</u>"):

   (a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance (as that term is defined in the Order) must serve a written request (an "<u>Additional Assurance Request</u>") so that it is received by the Debtor by the Request Deadline at the following addresses or email: Brouse McDowell, LPA, 388 South Main Street, Suite 500, Akron, OH 44311 (Attn: Julie K. Zurn) or jzurn@brouse.com.

   (b) Any Additional Assurance Request must: (i) be made in writing; (ii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (iii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   (c) Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have 7 days from the receipt of such Additional Assurance Request (the "<u>Resolution Period</u>"), to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

(d) The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a way satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

(e) If the Debtor determines that an Additional Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "<u>Determination Hearing</u>"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.[4]

(f) Pending the resolution of the Additional Assurance Request at the hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) Any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

**Subsequent Modifications of Utility Service List**

12. It is possible that, despite the Debtor's best efforts, certain Utility Companies have not yet been identified by the Debtor or included on the Utility Service List. To the extent that the Debtor identifies additional Utility Companies, the Debtor will file amendments to the Utility Service List, and shall serve copies of the Order (when and if entered) on such newly-identified Utility Companies. The Debtor requests that the Orders be binding on all Utility Companies,

---

[4] Section 366(c)(3)(A) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment . . . ." 11 U.S.C. § 366(c)(3)(A).

subject to its rights to the Proposed Adequate Assurance and to request additional adequate assurance, regardless of when any given Utility Company was added to the Utility Service List.

13. The Debtor submits that its proposal to provide the Utility Companies with cash deposits and procedures pursuant to which the Utility Companies can seek greater or different security, complemented by the Debtor's ability to pay for postpetition service through access to the debtor-in-possession financing, significantly alleviates any concern of nonpayment on the part of the Utility Companies, and is therefore adequate.

14. Relief similar to the relief requested herein has been granted by courts in other Chapter 11 cases. *See*, *e.g.*, *In re Davey Kent, Inc.*, No. 21-51022 (Bankr. N.D. Ohio July 2, 2021); *In re G.D.S. Express, Inc.*, No. 19-53034 (Bankr. N.D. Ohio Dec. 27, 2019); *In re Northeastern Real Properties, Ltd,* No. 09-62467 (Bankr. ND Ohio June 24, 2009); *In re Dana Corp.,* No. 06-10354 (Bankr. S.D.N.Y. Mar. 3, 2006); *In re Musicland Holding Corp.,* No. 06-10064 (Bankr. S.D.N.Y. Feb. 2, 2006); *In re Calpine Corp.,* No. 05-60200 (Bankr. S.D.N.Y. Jan. 18, 2006); *In re Refco, Inc., Co.*, No. 05-60006 (Bankr. S.D.N.Y. Dec. 9, 2005).

## NOTICE

15. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtors' twenty (20) largest unsecured creditors as reflected on their respective petitions; (c) the Debtors' secured lender(s); (d) the Utility Companies identified on Exhibit A; (e) Instantiation, LLC and (f) all parties that have filed a notice of appearance and request for service of papers in this case under Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Debtor requests that the relief sought by this Motion be immediately effective and enforceable upon entry of the order requested hereby.

17. No previous motion for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit B, granting the Motion and finding: (a) that the security deposits as proposed herein constitute adequate assurance of payment; (b) that any Utility Company that does not provide a written request for additional adequate assurance or otherwise object to the within Motion be deemed to have accepted the adequate assurance proposed by Debtor; and (c) such other or further relief as is just and proper under the circumstances.

Date: November 23, 2021

Respectfully submitted,

/s/ *Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*