EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.,*[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**ORDER: (A) PROHIBITING UTILITIES FROM ALTERING,
REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING
AGAINST, THE DEBTOR ON ACCOUNT OF PREPETITION INVOICES;
(B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED
OF FUTURE PAYMENT; AND (C) ESTABLISHING PROCEDURES FOR
<u>DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE</u>**

The Midwest Data Company LLC ("<u>MWDC</u>" or the "<u>Debtor</u>"), a debtor and debtor-in-possession in the above-captioned Chapter 11 case, has moved (the "<u>Motion</u>"), pursuant to Section 366 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of a final order: (a) prohibiting utilities from altering, refusing or discontinuing services to, or discriminating against,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

the Debtor on account of prepetition invoices; (b) determining that the utilities are adequately assured of future payment; and (c) approving procedures for requests for additional assurance. The Court, having reviewed the Motion, finds and concludes that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding; (c) notice of the Motion was sufficient under the circumstances; and (d) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED subject to the terms and conditions set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3. Pursuant to Sections 105 and 366(b) and (c) of the Bankruptcy Code, and absent any further order of this Court, each Utility Company is prohibited from altering, refusing or discontinuing service to the Debtor on account of unpaid prepetition invoices from the commencement of this case, or from requiring the Debtor to pay a deposit or other security in connection with the provision of post-petition utility services, other than as provided by an Adequate Assurance Deposit, the Adequate Assurance Procedures, or otherwise determined by this Court.

4. The Debtor or its advisors shall provide a copy of this Order to each Utility Company listed on the Utility Service List, attached hereto as <u>Exhibit A</u>, within 2 business days after entry of such order by the Court by way of postage prepaid, first-class regular mail.

5. To the extent not already deposited, within 14 days from the entry of this Order, the Debtor shall deposit a sum of approximately $13,635 (the "<u>Adequate Assurance Deposit</u>"),

2

21-61492-tnap    Doc 5-2    FILED 11/23/21    ENTERED 11/23/21 18:55:33    Page 2 of 6

into a bank account established by the Debtor, into a current dormant bank account that has been previously established, or into Brouse McDowell's IOLTA account (the "Utility Deposit Account"), for the purpose of providing the Utility Companies with adequate assurance of their postpetition services to the Debtor. The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtor's election.

6. The Utility Deposit Account shall be maintained with a minimum balance of approximately $13,635, which may be adjusted by the Debtor: (a) to account for the addition or removal of a Utility Company from the Debtor's Utility Service List, as may be amended or modified in accordance with the procedures set forth herein, regardless of any Adequate Assurance Request (as defined below); and (b) in accordance with the terms of any agreement between the Debtor and the affected Utility Company.

7. The Debtor's electricity provider, AEP Ohio, presently holds a security deposit in the amount of $13,635.

8. The Adequate Assurance Deposit, in conjunction with the Debtor's cash position and ability to use cash collateral: (a) demonstrates the Debtor's ability to pay for future utility services in the ordinary course of business; and (b) constitutes adequate assurance of future performance to each Utility Company (collectively the "Proposed Adequate Assurance").

9. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtor, without further Court order, on the earlier of: (a) the reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of utility services from such Utility Company; or (b) the effective date of any Chapter 11 plan confirmed in these Chapter

11 Cases; *provided, however*, that there are no outstanding disputes related to postpetition payments due.

10. If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (an "Adequate Assurance Request") within 14 days of the date hereof upon Brouse McDowell, LPA, Attn: Julie K. Zurn, 388 South Main Street, Suite 500, Akron, OH 44311; Email: jzurn@brouse.com. The Adequate Assurance Request must set forth: (a) the location(s) for which utility services are provided; (b) the account number(s) for such location(s); (c) the outstanding balance for each account; and (d) an explanation of why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

11. If the Debtor determines that an Adequate Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtor, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Adequate Assurance Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security, with notice to the Office of the United States Trustee for the Northern District of Ohio within 15 days.

12. The Utility Companies have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; the Adequate Assurance Procedures as proposed are hereby approved; the Utility Companies are prohibited from altering, refusing or discontinuing utility services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures; and the Debtor is not required to provide any additional adequate assurance beyond what is stated in this Order.  If the Debtor determines that an Adequate Assurance Request is unreasonable, then it promptly shall negotiate

with the requesting party and if unable to reach a prompt resolution to the Adequate Assurance Request, request the Court set the matter for hearing. Pending the hearing, the Utility Company that is subject of the unresolved Adequate Assurance Request may not alter, refuse or discontinue services to the Debtor.

13. Absent compliance with the procedures set forth in the Motion and this Order, the Debtor's Utility Companies are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code.

14. The Debtor may amend the Utility Service List to delete a Utility Company only if it has provided 2 weeks advance notice to such Utility Companies, in writing, and has not received any objection from such Utility Company. If an objection is received, the Debtor may request a hearing before the Court.

15. The Utility Companies shall be deemed to have adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code unless and until: (a) the Debtor agrees to an alternative assurance of payment with the Utility Company; or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

16. In the event an additional Utility Company is added to the Utility Service List, the Debtor shall increase the amount of the Adequate Assurance Deposit by an amount equal to 2 weeks of utility services provided by such additional Utility Company, calculated using the Debtor's historical average for such payments over the past 12 months.

17. The Debtor shall file all amended Utility Service Lists with the Court.

18. Nothing in this Order nor the Debtor's payment of claims pursuant to this Order shall be construed as: (a) an agreement or admission by the Debtor as to the validity of any claim

on any grounds; (b) a waiver or impairment of any Debtor's rights to dispute any claims on any grounds; (c) a promise by the Debtor to pay any claim; or (d) an implication or admission by the Debtor that such claim is payable pursuant to this Order.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the relief set forth herein is immediately effective and enforceable upon entry of this Order.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

SUBMITTED BY:

*/s/*_____
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE MCDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*