**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**ORDER (I) APPROVING BIDDING PROCEDURES, (II) APPROVING
STALKING HORSE BID PROTECTIONS, (III) APPROVING CONTRACT
ASSUMPTION AND ASSIGNMENT PROCEDURES AND THE FORM AND
MANNER OF NOTICE THEREOF, (IV) SCHEDULING THE AUCTION, (V)
SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT
TO THE SALE, (VI) APPROVING THE FORM AND MANNER OF
<u>NOTICE THEREOF, AND (VII) GRANTING RELATED RELIEF</u>**

Upon the Motion filed by the above-referenced Debtors, Squirrels Research Labs LLC and

The Midwest Data Company LLC (collectively, "Debtors"), for the entry of an order (the "Bidding

Procedures Order") (i) authorizing and approving the proposed bidding procedures ("Bidding

Procedures") attached hereto as Exhibit 1 by which the Debtors will conduct a sale (the "Sale

Transaction") of their Assets (as defined in the Motion) under section 363 of the Bankruptcy Code;

(ii) approving the proposed Bid Protections as set forth herein to be provided to Instantiation, as

the stalking horse bidder in connection with the Sale Transaction; (iii) approving procedures (the

"Assumption and Assignment Procedures") for the assumption and assignment of certain

executory contracts and unexpired leases in connection with the Sale Transaction  (collectively,

the "Assigned Contracts"), including notice of proposed cure amounts (the "Cure Notice"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

21-61492-tnap   Doc 7-1   FILED 11/23/21   ENTERED 11/23/21 19:00:58   Page 1 of 21

attached hereto as Exhibit 3; (iv) scheduling an auction in connection with the Sale Transaction (the "Auction"); (v) scheduling hearing dates in connection with approval of the Sale Transaction (the "Sale Hearing") and the objection deadline for the Sale Hearing (collectively, the "Sale Objection Deadline"); (vi) approving the form and manner of notice of the Auction and Sale, attached hereto as Exhibit 2 (the "Auction and Sale Notice"); and (vii) granting related relief; and (a) authorizing Sale of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363; and (b) authorizing and approving assumption and assignment of the Assigned Contracts; and (c) granting related relief; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 USC § 157(b)(2) and that the Court may enter a final order; and the Court having found that venue of this proceeding and the Motion is proper pursuant to 28 USC §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the court having found that good and sufficient cause exists for the granting of the relief requested in the Motion,

IT IS HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.      Any objections to the motion not resolved or otherwise withdrawn are overruled.

A.     Timeline and Deadlines

3.     The Sale Schedule is approved as set forth below and subject to modification in accordance with the Bidding Procedures.

i. Key Dates

| Key Dates | |
|---|---|
| **Date/Time** | **Event** |
| December 17, 2022 | Deadline by which Debtor must file the Cure Notice with the Court and serve the Cure Notice on the Contract Counterparties |
| December 31, 2021 | Deadline by which Bids (as well as Deposits and all other documentation required under the Bidding Procedures) must be submitted in accordance with the Bidding Procedures |
| December 31, 2021 | Deadline by which to file Assigned Contract Objections |
| January 3, 2021 | Date on which Auction (if any) shall be held electronically via video/telephone, or at such later date, time, or other place, as selected by Debtor, in consultation with Avnet, or approved by order of the Court. |
| January 10, 2022 | Deadline by which objections to the Sale Transaction must be filed |
| January 11, 2022 | Date on which the Sale Hearing shall occur, subject to the Court's availability |

ii. The Bidding Procedures

1. The Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are hereby approved in their entirety and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bidding Procedures and this Bidding Procedures Order. The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

iii. Stalking Horse Bid Protections

1. The Bid Protections, payable in certain circumstances as set forth in the APA, are approved as follows: payment in cash equal to the sum of (a) 3.0% of the Purchase Price plus (b) all of the Purchaser's documented out-of-pocket costs and expenses (including legal fees) incurred in connection with the transactions contemplated by this Agreement, up to a maximum amount of $200,000(collectively, the "***Break-Up Fee***").

3

iv. Sale Order

1. As set forth in the Motion and provided for in the Bidding Procedures, the Debtors seek entry of an order (i) authorizing (a) the sale of the of the Assets free and clear of all liens, claims, interests, and encumbrances, other than those expressly assumed, and (b) assumption and assignment of certain executory contracts and unexpired leases, and (ii) granting related relief.
2. The Court shall hold the Sale Hearing on January 11, 2022 at ___:___ __.m.

v. Notice Procedures

1. The Auction and Sale Notice, substantially in the form attached hereto as Exhibit 2 is approved.
2. Notice of the Motion coupled with service of the Auction and Sale Notice (together, the "Notice"), constitutes good and adequate notice of the Auction and Sale and the proceedings with respect thereto in compliance with, and satisfaction of, the applicable requirements of Bankruptcy Rule 2002.
3. No other or further notice of the Auction and Sale shall be required.

vi. The Assumption and Assignment Procedures

1. The Assumption and Assignment Procedures are approved.
2. The notice to be provided under the Assumption and Assignment Procedures shall constitute adequate and sufficient notice and no additional notice need be provided.
3. On or before December 17, 2021 (the "Assumption and Assignment Service Date"), the Debtors shall file with the Court and serve on the Contract Counterparties, the Cure Notice, substantially in the form attached hereto as Exhibit 3 including the Assigned Contracts Schedule; provided that the Debtors may supplement the Assigned Contract Schedule by filing and serving an additional cure notice no later than seven days prior to the Sale Objection Deadline.
4. Service of a Cure Notice does not constitute any admission or agreement of the Debtors that such Assigned Contract is an executory contract or unexpired lease or that such Assigned Contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Winning Bid.
5. Assigned Contract Objections, if any, must comply with the Assigned Contract Objection Requirements and be filed with the court at least one business day prior to the Auction.
6. Any Assigned Contract Objection that remains unresolved as of the Sale Hearing shall be resolved at the Sale Hearing, or such later hearing as may be agreed between the Successful Bidder and the

4

Contract Counterparty, but such Assigned Contract shall be assumed and assigned only upon satisfactory resolution of the Assigned Contract Objection, to be determined in the Successful Bidders discretion. If an Assigned Contract Objection is not satisfactorily resolved, the Successful Bidder may determine that such Assigned Contract should be rejected and not assigned, in which case the Successful Bidder will not be responsible for any Cure Costs or Adequate Assurance with respect to such contract.

7. If a Contract Counterparty does not file an Assigned Contract Objection: (a) the Cure Costs and Adequate Assurance, if any, set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document; and (b) the Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract and the Cure Costs and Adequate Assurance, if any, and will be forever barred from objecting to the assumption and assignment of such Assigned Contract and rights thereunder.

8. The inclusion of an Assigned Contract on the Assigned Contract Schedule will not: (a) obligate the Debtors to assume any Assigned Contract listed there on or obligate the Successful Bidder to take assignment of such contract or constitute any admission or agreement of the Debtor that such Assigned Contract is an executory contract or unexpired lease. Only those Assigned Contracts that are included on a schedule of assumed and assigned contracts attached to the definitive sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

vii. Miscellaneous

1. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion.

2. The failure to include or reference a particular provision of the Bidding Procedures specifically in this Bidding Procedures Order shall not diminish or impair the effectiveness or enforceability of such provision.

3. In the event of any inconsistency between this order and the Motion and/or the Bidding Procedures, the Bidding Procedures shall govern in all respects.

4. Notwithstanding the relief granted herein and any actions taken here under, nothing contained in the Motion or this Bidding Procedures Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim

or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code, except to the extent the Debtors have agreed to the Avnet Claim, the Reduced Avnet Claim, the amount of the Avnet Secured Claim, and the validity, priority, and extent of the Avnet Liens.

5. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

6. The requirements of Bankruptcy Rules 6004(h) and 6006(d) are hereby waived to the extent they apply.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Bidding Procedures Order.

# # #

SUBMITTED BY:

/s/
_____
Marc B. Merklin  (0018195)
Julie K. Zurn (0066391)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@ brouse.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

6

**EXHIBIT 1**
(Bidding Procedures)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**FORM OF BIDDING PROCEDURES FOR THE SALE OF DEBTORS' ASSETS**

On November 23, 2021, the Debtors filed voluntary petitions for relief under subchapter v of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On November 23, 2021, Debtors, SQRL and MWDC, filed the Motion for an Order: (A)(I) Establishing and Approving Bid Procedures Related to the Sale of the Debtors' Assets Pursuant to 11 U.S.C. §§ 105(A), including Designation of Stalking Horse Bidder and Related Bid Protections; (II) Approving Contract/Lease Assumption and Assignment Procedures and the Form and Notice Thereof; (III) Scheduling the Auction; (IV) Scheduling a hearing and Objection deadline with respect to the Sale; (V) Approving the Form and Notice Thereof; and (VI) Granting Related Relief; and (B)(I) Authorizing Sale of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief [Docket #____] (the "Motion") seeking approval of, among other things, the procedures by which the Debtors are authorized to conduct a sale and Auction (the "Auction") of the Debtors' Assets as described in the APA attached hereto as Exhibit A to the Successful Bidder (defined herein). On [December 1] 2021, the Court entered an order with respect to the Motion [Docket #_____] (the "Bidding Procedures Order") approving the procedures contemplated herein (the "Bidding Procedures") and granting certain relief.

1. **Marketing Process and Participation Requirements**

Debtors shall distribute the notice of the sale, these Bidding Procedures, a copy of the Stalking Horse Bidder's Asset Purchase Agreement ("APA"), and a form or confidentiality agreement (a "Confidentiality Agreement") to those parties Debtors determine may have or demonstrate an interest in purchasing the assets of the Debtors to be sold pursuant to the APA (the "Assets").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

To receive due diligence information, including access to the Debtors' electronic data room and any additional non-public information regarding the Debtors, a party potentially interested in bidding on the Assets must deliver an executed Confidentiality Agreement on terms acceptable to the Debtors, to the extent not already executed to each of: (1) Marc B. Merklin, Brouse McDowell, 388 S. Main Street, Suite 500, Akron, OH 44311 (mmerklin@brouse.com).

After a party delivers the executed Confidentiality Agreement in accordance with these Bidding Procedures, the Debtors shall provide such party with access to an electronic data room and due diligence information, as reasonably requested by such party, and the Debtors shall post substantially all due diligence provided to any such party to the Debtors' electronic data room. The Debtors and their advisors will coordinate all reasonable requests from such parties for additional information and due diligence access, provide that the Debtors may decline to provide such information to any party, who, at such time and in the Debtors' reasonable business judgment, in consultation with Avnet, has not established that it intends in good faith to, or has the capacity to, consummate a Sale.

Parties which enter into Confidentiality Agreements with the Debtor will not, directly or indirectly, contact or initiate, or engage in discussions with respect to matters relating to the Debtors or a potential transaction with any customer, supplier, or contractual counterparty of the Debtors without the prior written consent of the Debtors.

The due diligence period will end on the Bid Deadline, and, after the Bid Deadline, the Debtors will have no obligation to furnish or update any due diligence information.

2. **Stalking Horse Bidder and Bid Protections**

The Debtors have received from INSTANTIATION, LLC a bid (the "Stalking Horse Bid") to purchase the Assets, as set forth in APA attached here as Exhibit A, and has selected INSTANTIATION, LLC to act as Stalking Horse Bidder, and has agreed, subject to Court approval, which approval was granted in the Bidding Procedures Order, to certain protections consisting of: an amount in cash equal to the sum of (a) 3.0% of the Purchase Price plus (b) all of the Purchaser's documented out-of-pocket costs and expenses (including legal fees) incurred in connection with the transactions contemplated by this Agreement, up to a maximum amount of $200,000 (collectively, the "***Break-Up Fee***") (the "Bid Protections") payable to Instantiation LLC in certain circumstances as set forth in the APA.

3. **Bidding and Auction Process**

A. Bid Deadlines

Each party that submits, at least five (5) days prior to the Bid Deadline, an executed Confidentiality Agreement and reasonable evidence demonstrating the party's financial capability to consummate a Sale as reasonably determined by the Debtors shall be an "Eligible Competing Bidder." Avnet shall be an Eligible Competing Bidder as set forth in section 3.D below.

Any Eligible Competing Bidder that desires to make a binding offer (each, a "Competing Bid") shall transmit the Competing Bid to the Debtors so as to be actually received on or before 5 p.m. PST thirty days after the entry of the Bid Procedures Order (the "Bid Deadline").

The Bid Deadline may be extended by the Debtors, in consultation with Avnet and the Stalking Horse Bidder.

B. Competing Bid Requirements

All Competing Bids must be submitted in writing and satisfy the requirements as fully set forth in these Bidding Procedures, B.i through B.xiii below, (collectively, the "Bid Requirements"), and use the APA as a template, clearly marked to show changes from the APA, which include the following key requirements:

i.     Purchase Price

Each Competing Bid must clearly set forth the purchase price to be paid, specifying (i) any cash and (ii) any non-cash components, in sufficient detail satisfactory to the Debtor (the "Purchase Price") and consist of cash in an amount that is greater than the sum of value offered under the APA, plus (1) the amount of the Break-Up Fee, (2) the DIP Loans, and (3) Fifty Thousand Dollars ($50,000) (the "***Bidding Increment***"). For clarity's sake, each Competing Bid must offer a cash component greater than the total of $3,010,000, the Break-Up Fee, the outstanding DIP Loans, and the Bidding Increment. A qualified competing bid must therefore exceed three million sixty thousand Dollars ($3,060,000) plus the outstanding amount of the DIP Loan and the Break-Up Fee (the "***Opening Bid***"), plus the value of Assumed Liabilities under the APA, and otherwise meet the financing and other requirements set forth herein (such bid, a "***Qualified Competing Bid***").

Each Competing Bid for a combination of Assets, other than for the same combination set forth in the APA, must: (a) provide for a breakdown of the share of the Purchase Price allocable to each of the Assets included in the Competing Bid; (b) state whether the Competing Bid is conditioned on being the Winning Bid for any of the other Assets included in the Competing Bid (and if so, clearly identify which Assets); and (c) state whether the Eligible Competing Bidder is willing to purchase any of the Assets included in the Bid individually, and if so, the price such Eligible Competing Bidder would pay for each such Asset.

ii.    Deposit

Each Competing Bid must be accompanied by a good-faith deposit in the amount of One Hundred Fifty Thousand Dollars ($150,000).

iii.   Marked Asset Purchase Agreement

Each Competing Bid must include a draft purchase agreement substantially in the form the APA as a template, with an applicable redline, including the exhibits and

3

schedules related thereto and any related documents or other material documents necessary to consummate the Sale contemplated by the Bid (collectively, the "Sale Documents").

iv.     Committed Financing

Each Competing Bid must contain evidence of the Eligible Competing Bidder's ability to consummate the Sale within 15 calendar days after entry of the Sale Order and a representation that the bidder has the financial ability to perform and provide evidentiary documentation demonstrating such financial ability to close (e.g., financial statements and bank statements that show available cash necessary to close the transaction) that are satisfactory to the Debtors in their reasonable discretion.

To the extent that a Competing Bid is not accompanied by evidence of such party's capacity to consummate the Sale set forth in its Competing Bid with cash on hand, each Competing Bid must include committed financing, documented to the Debtors' satisfaction, that demonstrates that such party has received sufficient debt and/or equity funding commitments to satisfy the Competing Bid's Purchase Price and other obligations thereunder. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, diligence, or other approvals, and shall have covenants and conditions acceptable to the Debtors.

v.      No Financing or Diligence Outs

A Competing Bid shall not be conditioned on the obtaining or sufficiency of financing or any internal approval, or on the outcome or review of due diligence, or on the receipt of any regulatory third party approvals, but may be subject to the accuracy at the closing of specified representations and warranties or the satisfaction at the closing of specified conditions, which representations and warranties shall be similar, and in any event, not more expansive, than the representations and warranties set forth in the APA.

vi.     Identity

Each Competing Bid must fully disclose the identity of the bidder, the contact information for such bidder, and provide full disclosure of any affiliates or insiders of the Debtors involved in such bid, and the complete terms of such participation. Nothing herein shall preclude any equity holder from bidding or otherwise participating in connection with such Competing Bid so long as such equity holder is disclosed as set forth above. Each Competing Bid must also include contact information for the specific person(s) and counsel whom the Debtor's advisors should contact regarding such Bid.

vii.    Authorization

Each Competing Bid must contain sufficient evidence that the Eligible Bidder has obtained authorization or approval from its board of directors (or a comparable governing body) with respect to the submission of its Competing Bid and the consummation of the Sale contemplated in such Competing Bid; provided however that if such Eligible

4

Competing Bidder is an entity formed for the purpose of consummating the proposed Sale, then such Eligible Competing Bidder must furnish sufficient written evidence satisfactory to the Debtors of the approval of the submission of the Competing Bid and consummation of the Sale by equity holder(s) of such Eligible Competing Bidder.

viii.    Assumed Liabilities

Each Competing Bid must identify the Debtors' liabilities, if any, that each Eligible Competing Bidder seeks to assume.

ix.    Adequate Assurance of Future Performance

Each Competing Bid must: (i) identify any and all executory contracts and unexpired leases to be assumed and assigned in connection with such Competing Bid; and (ii) demonstrate, in the Debtors' reasonable business judgment, that the Eligible Competing Bidder can provide adequate assurance of future performance under all such executory contracts and unexpired leases.

x.    As-Is, Where-Is

Each Competing Bid must include a written acknowledgment and representation that the Eligible Competing Bidder: (1) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer; (2) has relied solely upon its own independent review, investigation, and/or inspection of documents and the Assets in making its Bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures and in the representations and warranties contained in the Sale Documents submitted as a part of the Bid (as modified before acceptance and execution by the Debtor) and disclaims reliance on any such written or oral statements, representations, promises, warranties, or guaranties.

xi.    Honoring the Bid Procedures

Each Competing Bid must affirmatively state agreement, and by submitting its Competing Bid, each Eligible Competing Bidder is so agreeing, to abide by and honor the terms of the Bidding Procedures (including if such Bidder is declared the Successful Bidder or Backup Bidder (as defined below)) and to refrain from submitting a Bid or seeking to reopen the Auction after conclusion of the Auction. The submission of a Competing Bid shall constitute a binding and irrevocable offer to purchase the Assets. Each Competing Bid must state that the Eligible Competing Bidder consents to the jurisdiction of the Court and to the entry of a final judgment or order with respect to the Competing Bid, as well as with respect to any aspect of these Bid Procedures, and all orders of the Court entered with respect to the Sale.

xii.    Additional Diligence

Each Eligible Competing Bidder shall comply with all reasonable requests for additional information and due diligence access by Debtors or their advisors regarding the Competing Bid.

xiii.    Expenses

Each Competing Bid shall not contemplate or request (and no Eligible Competing Bidder that is not a Stalking Horse Bidder shall receive) any break-up fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement, and by submitting is Competing Bid, each Eligible Competing Bidder is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

C.  Designation of Qualified Competing Bidder

i.    A Bid will be considered a "Qualified Competing Bid" and each Eligible Competing Bidder that submits a Qualified Competing Bid will be considered a "Qualified Competing Bidder," if the Debtors determine in their reasonable business judgment, in consultation with Avnet, that such Bid: (i) satisfies the Bid Requirements; and (ii) is reasonably likely (based on availability of financing, experience, and other considerations) to be consummated, if selected as the Winning Bid, within a time frame reasonably acceptable to the Debtors.

ii.    Notification

No later than two business days after the Bid Deadline, the Debtors will notify each Eligible Competing Bidder whether such party is a Qualified Competing Bidder.

iii.    Bid Modification

Between the date that Debtor notifies a Bidder that it is a Qualified Competing Bidder and the Auction: (i) the Debtors may discuss, negotiate, or seek clarification of any Qualified Competing Bid from a Qualified Bidder; and (ii) a Qualified Bidder may not, without the prior written consent of the Debtor modify, amend, or withdraw its Qualified Competing Bid, except for proposed amendments to increase their Purchase Price, or otherwise improve the terms of, the Qualified Bid, provided that any improved Qualified Bid must continue to comply with the requirements for Qualified Competing Bids set forth in these Bidding Procedures.

D.  Credit Bid

Avnet shall have the right to credit bid for the Assets without the need to provide a deposit and Avnet shall be deemed to be an Eligible Bidder, and shall have the right to credit bid any

6

portion and up to the entire amount of its outstanding Reduced Avnet Claim (as defined in the Support Agreement) pursuant to section 363(k) of the Bankruptcy Code for its collateral, which credit bid shall be deemed to be a Qualified Bid (the "Credit Bid Right"), provided that any such credit bid is submitted by the Bid Deadline, provided however, that Avnet waives its rights under section 363(k) of the Bankruptcy Code to credit bid for the Assets, provided that a sale of Avnet's collateral is pursued and consummated pursuant to the Bidding Procedures Order and these Bidding Procedures. Otherwise, Avnet retains and will retain all of its rights to credit bid its claims under applicable law.

E.  Opening Bid

Not later than one business day before the Auction, Debtors will notify all Qualified Competing Bidders, and the Stalking Horse Bidder, of the Opening Bid, such bid being the highest or otherwise best Qualified Bid with respect to the Debtors' Assets, which Qualified Bid may be the Stalking Horse Bid and the Debtors shall provide copies of the documents supporting the Opening Bid to all Qualified Bidders (defined below).

The determination of which Qualified Bid constitutes the Opening Bid and, ultimately, the Winning Bid shall take into account any factors the Debtors, in consultation with Avnet, reasonably deems relevant to the value of the Qualified Bid to the Debtors' estates, including, among other things: (i) the amount and nature of the Purchase Price; and (ii) the Qualified Bidder's ability to consummate the Sale and the timing thereof.

F.  Auction Procedure

i.      Time and Place

If there is a Qualified Competing Bid, Debtors shall hold an auction for the Assets (the "*Auction*") within five (5) Business Days of the Bid Deadline, provided, however, if the fifth (5th) day is not a Business Day, then the first Business Day following the fifth (5th) day, and as more fully described in the Bid Procedures (the "*Auction Date*"). The Auction shall take place on January 3, 2022  at 3:00 p.m. EST and will (unless the Debtors provide notice otherwise) be held electronically via video/telephone, or at such later date, time, or other place as selected by the Debtors, in consultation with Avnet and the Stalking Horse Bidder, or approved by order of the Court.

ii.     Terms of Overbids

At the Auction, the first subsequent bid must exceed the Opening Bid by at least Fifty Thousand Dollars ($50,000).  Thereafter and continuing until there is only one (1) bidder remaining, each bidder must increase the subsequent bid in an amount of at least Fifty Thousand Dollars ($50,000) to remain a bidder in the Auction.  To determine the winning bid at any such Auction, the Debtors shall, in consultation with Avnet, evaluate the value to be provided under the bids, including the net economic effect upon Debtors' estates, taking into account the Break-Up Fee owed to the Stalking Horse Bidder and the obligations assumed by the Stalking Horse Bidder under the APA.

**EXHIBIT 2**
(Auction and Sale Notice)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**NOTICE OF FILING OF MOTION AND AN ORDER RELATED TO THE
AUCTION AND SALE OF CERTAIN ASSETS OWNED BY SQUIRRELS
RESEARCH LABS LLC AND THE MIDWEST DATA COMPANY LLC**

**PLEASE TAKE NOTICE** that on November 23, 2021, the above-captioned Debtors filed the Motion for an Order: (A)(I) Establishing and Approving Bid Procedures Related to the Sale of the Debtor's Properties Pursuant to 11 U.S.C. §§ 105(A), Including Designation of Stalking Horse Bidder and Related Bid Protections; (II) Approving Contract/Lease Assumption and Assignment Procedures and the Form and Notice Thereof; (III) Scheduling the Auction; (IV) Scheduling a Hearing and Objection Deadline with Respect to the Sale; (V) Approving the Form and Notice Thereof; and (VI) Granting Related Relief; and (B)(I) Authorizing Sale of Debtor's Properties Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief [Docket # ___]

**PLEASE TAKE FURTHER NOTICE** that on [December 1, 2021], the Court entered an order with respect to the Motion [Docket # ____] (the "Bidding Procedures Order") approving the procedures contemplated therein (the "Bidding Procedures") for the sale of the Assets (as defined in the Motion) [Docket # ____]. A copy of the Bidding Procedures is annexed to the attached Bidding Procedures Order as Exhibit 1. Pursuant to the Bidding Procedures Order, a final hearing to approve the Auction and Sale is scheduled to take place on [January 11, 2022] at __:___ __.m. (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that, to ensure that the Auction and Sales process maximizes value, the following timeline and deadlines have been established by the Debtor and approved by the Court, pursuant to the Bidding Procedures Order:

| Key Dates | |
|---|---|
| **Date/Time** | **Event** |
| December 17, 2021 | Deadline by which Debtor must file the Cure Notice with the Court and serve the Cure Notice on the Contract Counterparties |
| December 31, 2021 | Deadline by which Bids (as well as Deposits and all other documentation required under the Bidding Procedures) must be submitted in accordance with the Bidding Procedures |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

| | |
|---|---|
| December 31, 2021 | Deadline by which to file Assigned Contract Objections |
| January 3, 2022 | Date on which Auction (if any) shall be held electronically via video/telephone, or at such later date, time, or other place, as selected by Debtor, in consultation with Avnet and the Stalking Horse Bidder, or approved by order of the Court. |
| January 10, 2022 | Deadline by which objections to the Sale Transaction must be filed |
| January 11, 2022 | Date on which the Sale Hearing shall occur, subject to the Court's availability |

Dated: November _____, 2021

/s/ _____
Marc B. Merklin  (0018195)
Julie K. Zurn (0066391)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@ brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

**EXHIBIT 3**
(Cure Notice)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC[1] | ) | Case No. 21-61491 |
| | ) | *(Request for Joint Administration Pending)* |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT**
**OF CONTRACTS AND LEASES AND (II) CURE AMOUNTS AND**
**ADEQUATE ASSURANCE IN CONNECTION THEREWITH**

*YOU ARE RECEIVING THIS NOTICE OF ((I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES AND (II) CURE AMOUNTS AND ADEQUATE ASSURANCE IN CONNECTION THEREWITH BECAUSE YOU MAY BE A COUNTERPARTY TO A CONTRACT OR LEASE WITH THE ABOVE-CAPTIONED DEBTORS. PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE POTENTIAL TRANSACTION DESCRIBED HEREIN*

**PLEASE TAKE NOTICE** that on November 23, 2021, the above-captioned Debtors filed the Motion for an Order: (A)(I) Establishing and Approving Bid Procedures Related to the Sale of the Debtors' Properties Pursuant to 11 U.S.C. §§ 105(A), including Designation of Stalking Horse Bidder and Related Bid Protections; (II) Approving Contract/Lease Assumption and Assignment Procedures and the Form and Notice Thereof; (III) Scheduling the Auction; (IV) Scheduling a hearing and Objection deadline with respect to the Sale; (V) Approving the Form and Notice Thereof; and (VI) Granting Related Relief; and (B)(I) Authorizing Sale of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief [Docket #____]

**PLEASE TAKE FURTHER NOTICE** that on _____, 2021, the Court entered an order with respect to the Motion [Docket # ____] (the "Bidding Procedures Order") approving the procedures contemplated therein (the "Bidding Procedures") for the sale of the Assets (as defined in the Motion) [Docket # ____], a copy of which is attached to this Notice as Exhibit A (the "Bidding Procedures Order"). A copy of the Bidding Procedures is annexed to the attached Bidding Procedures Order as Exhibit 1. Pursuant to the Bidding Procedures Order, an Auction will be held on _____, 2021 and a final hearing to approve the Auction and Sale is scheduled to take place on _____, 2021 at ___:00 ___.m. (the "Sale Hearing").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

**PLEASE TAKE FURTHER NOTICE** that to attend the Sale Hearing, you must follow the Court's procedures for appearances which can be found here: _____ or by emailing a request for a copy of such procedures to tpalcic@brouse.com.

**PLEASE TAKE FURTHER NOTICE** that the Bidding Procedures Order, among other things, established procedures for: (1) the assumption and assignment of certain executory contracts and unexpired leases that the Debtors believe they might seek to assume and assign in connection with a Sale Transaction (collectively, the "Assigned Contracts"), as detailed in the attached Exhibit B (the "Assigned Contracts Schedule"); (ii) the determination of related amounts necessary, if any, to cure all monetary defaults, if any, under each Assigned Contract (the "Cure Costs"); and (iii) the determination of any related adequate assurance of future performance (the "Adequate Assurance") that may be required.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby provide notice (the "Cure Notice") that they may assume and assign the schedule of Assigned Contracts listed on Exhibit B, attached hereto, to a purchaser of Debtors' Assets (as defined in the Motion). The Cure Notice sets forth any Cure Costs and proposed Adequate Assurance with respect to each Assigned Contract.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed Cure Costs or Adequate Assurance must (i) be in writing; (ii) comply with applicable Bankruptcy Rules, Local Rules, and any order governing the administration of this Chapter 11 case; (iii) state with particularity the nature of the objection and, state the cure amount alleged to be owed to the objecting Contract Counterparty and/or the adequate assurance amount believed to be required, together with any applicable and appropriate documentation in support thereof, and be filed with the Court no later than one business day prior to the Auction.

**PLEASE TAKE FURTHER NOTICE** that, if an Assigned Contract Objection is not satisfactorily resolved, the Successful Bidder may determine that the Assigned Contract should be rejected and not assigned, in which case the Successful Bidder will not be responsible for any Cure Costs or Adequate Protection with respect to such contract.

**PLEASE TAKE FURTHER NOTICE** that, if you do not timely file and serve an objection as stated above, the Court may grant the relief requested in the Motion with no further notice or hearing and any party to an assigned contract that is so assumed will be deemed to have consented to the assumption and assignment of the assigned contract and the Cure Costs, if any, and will be forever barred from objecting to the assumption and assignment of such assigned contract and rights thereunder, including the Cure Costs, if any, and from asserting any other claims related to such assigned contract against the Debtors or the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding the foregoing, the inclusion of assigned contracts on Exhibit B to this Notice, does not: (a) obligate the Debtors to assume any assigned contract listed thereon or obligate the Successful Bidder to take assignment of such assigned contract; or (b) constitute any admission or agreement of the Debtors that such assigned contract is an executory contract or unexpired lease. Only those assigned contracts that are included on a schedule of assumed and assigned contracts attached to the definitive sale agreement

with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

Dated: _____, 2021

/s/ _____
Marc B. Merklin  (0018195)
Julie K. Zurn (0066391)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors*
*and Debtors-in-Possession*